**John FLYNN, et al., Plaintiffs–Appellants,**

v.

**GREG ANTHONY CONSTRUCTION CO., INC., et al., Defendants–Appellees.**

**No. 01–3391.**

United States Court of Appeals, Sixth Circuit.

Nov. 7, 2003.

Joseph J. Allotta, Michael P. Pazzo, Allotta & Farley, Toledo, OH, for Plaintiffs–Appellants.

Michael S. Holman, Luther LeRoy Liggett, Gregory T. Parks, Bricker & Eckler, Guy R. Humphrey, Chester, Willcox & Saxbe, Mark J. Founds, Hassan M. Shihab, Barry A. Wurgler, Columbus, OH, for Defendants–Appellees.

Before SILER and MOORE, Circuit Judges; and MCKINLEY,* District Judge.

## OPINION

MOORE, Circuit Judge.

Plaintiffs–Appellants, John Flynn et al., ("Plaintiffs"), trustees of the Bricklayers and Trowel Trades International Pension

---

* The Honorable Joseph H. McKinley, United States District Judge for the Western District   of Kentucky, sitting by designation.

Fund ("IPF" or "Fund"), appeal the decision of the United States District Court for the District of Columbia ("D.C. District Court") dismissing Defendant companies Columbus Masonry, Inc. ("Columbus Masonry") and Pezzo Builders, Inc. ("Pezzo Builders"), and Defendant individuals Louis Demis ("Demis") and Onofrio Pezzo ("Pezzo") for lack of personal jurisdiction. Plaintiffs originally brought suit on behalf of the Fund, the International Masonry Institute Promotion Trust, and certain local union funds including the Masonry Institute of Columbus Promotional Trust Fund and the Construction Advancement Program of Central Ohio in the D.C. District Court against Greg Anthony Construction Company, Inc. ("Greg Anthony Construction"), Columbus Masonry, Pezzo Builders, Demis, and Pezzo (collectively "Defendants") pursuant to § 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145. The Plaintiffs asserted that Greg Anthony Construction failed to meet its contribution obligations under two collective bargaining agreements and that the remaining Defendants were jointly and severally liable based on piercing the corporate veil and alter ego theories.

Upon Defendants' motion, the D.C. District Court dismissed all Defendants except Greg Anthony Construction for lack of personal jurisdiction. Additionally, the court dismissed the claims of three of the Plaintiff Funds against Greg Anthony Construction for lack of jurisdiction under ERISA. The court then granted Greg Anthony Construction's motion pursuant to 28 U.S.C. §§ 1404(a) and 1406(a) to transfer venue to the United States District Court for the Southern District of Ohio ("Southern District of Ohio"), the location where the breaches of the agreement are alleged to have occurred. After transfer, Plaintiffs and Greg Anthony Construction stipulated a dismissal, and the Southern District of Ohio accepted their stipulation. As a result, the Southern District of Ohio dismissed Greg Anthony Construction with prejudice. This issuance of a final judgment rendered the order from the D.C. District Court dismissing Pezzo, Demis, Columbus Masonry, and Pezzo Builders for lack of personal jurisdiction an appealable final order. Plaintiffs now appeal the D.C. District Court's order dismissing all Defendants except for Greg Anthony Construction. Because we believe that the D.C. District Court had personal jurisdiction over Columbus Masonry and Pezzo Builders and that, regardless of whether the D.C. District Court had personal jurisdiction over the Pezzo and Demis, the D.C. District Court should have transferred the claims against all of the Defendants to the Southern District of Ohio pursuant to 28 U.S.C. § 1406, we **REVERSE** and **REMAND** to the Southern District of Ohio for consideration of Plaintiffs' claims against Pezzo. Demis, Columbus Masonry, and Pezzo Builders.[1]

## I. FACTS AND PROCEDURE

Greg Anthony Construction, a masonry company that employs union laborers, executed two collective bargaining agreements with Ohio bricklayers' unions to pay contributions to employee fringe benefit plans. After Greg Anthony Construction failed to meet its obligations under the agreements, Plaintiffs brought suit in the D.C. District Court,[2] alleging that Greg Anthony Con-

---

1. Judge McKinley concurs in the result only. Judge Siler concurs in part and dissents in part.

2. Plaintiffs relied on 29 U.S.C. § 1132(e)(1) for jurisdiction over these Defendants. Section 1132(e)(2) provides that a suit brought by a multiemployer benefit plan "may be brought in the district where the plan is ad-

struction's failure to provide necessary reports and to make the required contributions under the agreements violated ERISA. Plaintiffs sought orders requiring Defendants to pay outstanding contributions owed under the agreements, orders permitting Plaintiffs to conduct an audit of Defendants' books and records, and attorney fees and costs. Although Greg Anthony Construction is the sole signatory on these collective bargaining agreements, Plaintiffs contend that Demis, Pezzo, Columbus Masonry, and Pezzo Builders are derivatively liable for the delinquent contributions under alter ego and piercing the corporate veil theories.

Plaintiffs base their derivative liability allegation on the variety of overlapping and intermeshed activities of the Defendants, ranging from shared employees to collaboration on construction projects. Columbus Masonry, like Greg Anthony Construction, is a subcontractor in the masonry business. Demis, who owns Columbus Masonry with his business partner, Pezzo, is the president of both Greg Anthony Construction and Columbus Masonry. The parties dispute whether these companies have the same shareholders; the Defendants argue that non-party Gail Holderman ("Holderman") is the sole shareholder and the only board member of Greg Anthony Construction, while the Plaintiffs believe that discovery or an evidentiary hearing is necessary to reach an informed conclusion on whether Holderman is truly the sole shareholder.

Columbus Masonry is not Demis and Pezzo's only joint business; they also collaborated to establish Pezzo Builders as a general contractor in the residential construction business. Pezzo and Demis each own fifty percent of the stock of Pezzo Builders. According to the D.C. District Court's findings, Pezzo is the vice president of both Columbus Masonry and Pezzo Builders but is not an officer of Greg Anthony Construction. Again, the parties dispute whether Pezzo Builders has common shareholders with Greg Anthony Construction, even though both readily admit that Demis is the president of Greg Anthony Construction, Columbus Masonry, and Pezzo Builders. Pezzo Builders appears to be an inactive company that had not begun any construction projects when this litigation commenced.

Plaintiffs' assertion of derivative liability for Columbus Masonry and Pezzo Builders under an alter-ego theory rests on the following allegedly intertwined activities of the three companies: (1) they all share the same address and phone number; (2) they all have common control and management; (3) the companies share staff and administrative equipment; (4) they are all engaged in the same business; and (5) Greg Anthony Construction commingles construction projects with Columbus Masonry. With respect to piercing the corporate veil to eliminate the shareholders' shield from personal liability, Plaintiffs contend that Demis and Pezzo have failed to maintain and observe corporate formalities – presumably from their ownership of the two companies that share common space, staff, administrative equipment, and building projects with Greg Anthony Construction. The Plaintiffs insist that Demis and Pezzo are susceptible to veil piercing because they "failed to maintain separate identities from [Pezzo Builders, Columbus Masonry, and Greg Anthony Construction and] ... failed to maintain arms-length relationships among the different entities, by commingling work and intertwining office

ministered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Thus, because the benefit plan is administered in the District of Columbia, Plaintiffs were able to file their complaint in the D.C. District Court.

space, equipment and staff." Appellant's Br. at 13. Plaintiffs also accuse Pezzo of supervising both Greg Anthony Construction and Columbus Masonry workers on at least one joint project.

Defendants Columbus Masonry, Pezzo Builders, Pezzo, and Demis moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), and Defendant Greg Anthony Construction moved to transfer venue to the Southern District of Ohio. Defendants Columbus Masonry, Pezzo Builders, Pezzo, and Demis joined in Greg Anthony Construction's motion to transfer venue, in the event that the court denied their motion to dismiss for lack of personal jurisdiction. Rather than transferring the entire case to the Southern District of Ohio, the D.C. District Court first dismissed Demis, Pezzo, Pezzo Builders, and Columbus Masonry for lack of personal jurisdiction, and then granted Greg Anthony Construction's motion to transfer venue to the Southern District of Ohio. The D.C. District Court determined that personal jurisdiction over these defendants was not proper because Plaintiffs failed to make a prima facie showing of an alter ego relationship and failed to show the factors needed to pierce the corporate veil. Additionally, the court dismissed the claims of International Masonry Institute Promotion Trust, the Masonry Institute of Columbus Promotional Trust Fund, and the Construction Advancement Program of Central Ohio against the remaining defendant, Greg Anthony Construction, for lack of ERISA jurisdiction. Although the order left Plaintiffs' claim against Greg Anthony Construction intact, when granting Greg Anthony Construction's motion to transfer venue, it noted that "the convenience to the parties and the interest of justice outweigh the deference given to the Plaintiffs' choice of venue." Joint Appendix ("J.A.") at 87 (Dist.Ct.Op.).

The Plaintiffs, intent on appealing the D.C. District Court's dismissal of all but one of the Defendants, filed a motion with that court for an entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) and a motion to stay the transfer of the case pending a decision on the motion for final judgment. Without deciding either of these pending motions, the D.C. District Court formally transferred the case to the Southern District of Ohio. Once in the Southern District of Ohio, Plaintiffs filed a second, duplicative motion for final judgment; however, before the court had a chance to rule on the motion, Plaintiffs and Greg Anthony Construction submitted a stipulation of dismissal. The Southern District of Ohio accepted the stipulation, dismissed Greg Anthony Construction with prejudice, and entered a final appealable order as to the dismissal of Pezzo, Demis, Columbus Masonry, and Pezzo Builders.

■ Plaintiffs thus appeal the D.C. District Court's decision to dismiss Pezzo, Demis, Columbus Masonry, and Pezzo Builders for lack of personal jurisdiction and to transfer venue to the Southern District of Ohio for Greg Anthony Construction. However, Plaintiffs fail to argue in their brief the challenge to the transfer of venue and, therefore, waive this argument. *See* Fed. R.App. P. 28(a); *see also Bickel v. Korean Air Lines Co.*, 96 F.3d 151, 153 (6th Cir.1996) (holding that defendant waived argument by failing to raise it in the opening appellate brief). In any event, an appeal based on improper transfer of venue cannot be entertained by the transferee court or its court of appeals. *See EEOC v. Northwest Airlines, Inc.*, 188 F.3d 695, 700 (6th Cir.1999); *see also* 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3846, at 359 (2d ed.1986)

("The transfer order is not subject to review by the transferee court or its court of appeals, at least if the transfer is to a different circuit."). Accordingly, the remaining issues before this court are whether the D.C. District Court properly dismissed the four defendants for lack of personal jurisdiction and whether the D.C. District Court abused its discretion by failing to transfer the entire action to the Southern District of Ohio.[3]

We hold that the Defendants' motion to dismiss for lack of personal jurisdiction should have been denied and the entire case should have been transferred to the Southern District of Ohio pursuant to 28 U.S.C. § 1406. Therefore, we reverse the dismissal of Pezzo, Demis, Columbus Masonry, and Pezzo Builders for lack of personal jurisdiction, and we remand the case to the Southern District of Ohio for further proceedings consistent with this opinion.

## II. ANALYSIS

### A. Subject Matter Jurisdiction

The D.C. District Court had jurisdiction pursuant to 28 U.S.C. § 1331 because the breach of an agreement to make contributions to employee benefit funds is a violation of ERISA. Because the plan is administered in the District of Columbia, 29 U.S.C. § 1132(e)(1)-(2) conferred subject matter jurisdiction on the D.C. District Court. Once the case was transferred, the Southern District of Ohio's acceptance of Plaintiffs' and Greg Anthony Construction's stipulated dismissal made the order dismissing Pezzo, Demis, Pezzo Builders,

and Columbus Masonry a final appealable order. Thus, we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

### B. Standard of Review

We review de novo a district court's decision to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *See Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). The party defending against the motion bears the burden of showing that personal jurisdiction exists. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir.2002). When there has been no evidentiary hearing pertaining to personal jurisdiction, we look only to the pleadings and affidavits of the nonmoving party and do not consider the moving party's conflicting assertions. *See id.* A prima facie showing of personal jurisdiction is all that is required, and we will construe the facts in the light most favorable to the nonmoving party. *See id.; see also Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir.1991) ("Dismissal was only proper if all of the specific facts [plaintiff] alleged collectively failed to state a *prima facie* case for jurisdiction under the appropriate standards.").

### C. 12(b)(2) Dismissal for Lack of Personal Jurisdiction

The D.C. District Court found that personal jurisdiction was lacking over all of the Defendants except for Greg Anthony Construction because Plaintiffs failed to set forth their prima facie case for piercing the corporate veil or alter-ego liability. The D.C. District Court began its analysis

---

**3.** As Plaintiffs note in their reply brief, Greg Anthony Construction has filed a brief in this appeal even though it is not a named appellee in the notice of appeal. Curiously, the only named appellee to file a substantive brief on appeal is Pezzo. Neither Columbus Masonry nor Pezzo Builders have filed a brief on appeal, and Demis has adopted Greg Anthony

Construction's brief in lieu of submitting its own. Although Greg Anthony Construction was a party to the original action, all claims pertaining to it were dismissed with prejudice and are not raised on this appeal. Plaintiffs suggest that this conduct is further evidence of the alter-ego relationship among the companies and individuals.

by acknowledging that the only way these non-signatory individuals and companies could be liable under the collective bargaining agreement would be under a theory of piercing the corporate veil or alter-ego liability. The district court ultimately concluded that Plaintiffs failed to assert a prima facie case for piercing the corporate veil as to Demis and Pezzo because neither individual had any ownership interest in Greg Anthony Construction and because Plaintiffs neglected to allege any facts supporting their conclusion that these individuals failed to observe corporate formalities. With respect to Pezzo Builders and Columbus Masonry, the D.C. District Court determined that the alleged facts were insufficient to show prima facie alter-ego liability because they did not establish that the companies were under "tight, common control ... such that they fail to maintain identities separate from Greg Anthony Construction." J.A. at 80–81 (Dist. Ct.Mem.). After dismissing these four Defendants for lack of personal jurisdiction, the court transferred the remaining action against Greg Anthony Construction to the Southern District of Ohio pursuant to §§ 1404(a) and 1406(a).[4]

## 1. Choice of Law[5]

■ Although neither the Supreme Court nor the U.S. Court of Appeals for the District of Columbia Circuit ("D.C.Circuit") has determined specifically whether state or federal common law should apply to alter-ego and "piercing the corporate veil" claims in ERISA actions, the D.C.

Circuit instructs its lower federal courts to use the federal common law of veil-piercing when a federal interest is implicated by the decision of whether to pierce the corporate veil. *United States v. Pena*, 731 F.2d 8, 12 (D.C.Cir.1984); *see also Thomas v. Peacock*, 39 F.3d 493, 502–03 (4th Cir. 1994) (concluding that federal law is used when determining whether to pierce the corporate veil in ERISA cases), *rev'd on other grounds*, 516 U.S. 349, 353–54, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996); *I.A.M. Nat'l Pension Fund v. Wakefield Indus., Inc.*, 1991 WL 511071, at *3 (D.D.C.1991) (noting that when the court determines whether an individual has incurred alter-ego liability under ERISA, it follows the "federal common law of veil piercing"); *United Food & Commercial Workers Union v. Fleming Foods East, Inc.*, 105 F.Supp.2d 379, 388 (D.N.J.2000) ("[I]t is settled that federal law governs liability for breach of a labor contract between a union and employer, including liability based on a theory of corporate veil piercing."). Consistent with the trend of federal courts to apply federal common law for assessing alter-ego liability in ERISA actions and with the D.C. Circuit's determination that courts should resort to the federal common law on piercing the corporate veil when a federal interest is implicated. *Pena*, 731 F.2d at 12, it was proper for the D.C. District Court to evaluate Defendants' motion to dismiss for lack of personal jurisdiction using the D.C. Circuit's federal common law with respect to

4. While the D.C. District Court's analysis suggests that it may have used § 1404 to transfer the action, the court did not make clear which statute it used to transfer the action.

5. Although as a general rule the law of the transferee court applies after a § 1406 transfer, on this appeal we evaluate the D.C. District Court's decision using the law it applied, that is, the law from its own circuit. The

transferred portion of this case did not concern the parties to this appeal, and while the transfer has provided our jurisdiction over the parties, we believe it is only proper to evaluate the D.C. District Court's decision to dismiss for lack of personal jurisdiction in light of the law in that circuit as to personal jurisdiction.

piercing the corporate veil and alter-ego liability.

While subject matter jurisdiction in this case is founded on a federal question, establishing personal jurisdiction over the nonresident Defendants requires the application of the District of Columbia's long-arm statute because no federal long-arm statute applies. *See Edmond v. U.S. Postal Serv. Gen. Counsel*, 949 F.2d 415, 424 (D.C.Cir.1991). The D.C. long-arm statute allows a court to exercise personal jurisdiction over a defendant whose actions with respect to the forum state result in a claim for relief. *See generally* D.C.Code Ann. § 13-423 (2001) (listing actions including transaction of business, contracting to supply services, causing injury inside the District of Columbia, etc.). Thus, in order for Defendants' actions to rise to a level permitting the D.C. District Court to exercise personal jurisdiction over them, they need to have some connection with activity in the District of Columbia. This forum-state connection would be established if the Defendants were party to the collective bargaining agreement -- whether parties in fact or by piercing the corporate veil -- because one of the nine funds involved in the collective bargaining agreement is administered in the District of Columbia. Because there has been no evidentiary hearing, Plaintiffs can satisfy their burden of establishing personal jurisdiction over Pezzo, Demis, Columbus Masonry, and Pezzo Builders by making a prima facie showing. *Edmond*, 949 F.2d at 424.

## 2. "Piercing the Corporate Veil" and Alter–Ego Liability

Plaintiffs brought this suit under ERISA, which provides that an "employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall ... make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. ERISA defines an employer as one who acts "directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002(5). Section 502(a)(3) of ERISA allows a participant to bring suit "to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

Generally, a corporation is considered an entity separate and distinct from its owners or shareholders. *Quinn v. Butz*, 510 F.2d 743, 757 (D.C.Cir.1975). Regarding a corporation as a legal entity with the capacity to contract, sue, and be sued is a legal fiction designed to provide incentives for business investments. *Labadie Coal Co. v. Black*, 672 F.2d 92, 96 (D.C.Cir. 1982). However, the corporate fiction should be "disregarded in the interest of public convenience, fairness and equity." *Quinn*, 510 F.2d at 757 (quotation omitted); *see also Labadie Coal*, 672 F.2d at 96 ("[W]hen the incentive value of limited liability is outweighed by the competing value of basic fairness to parties dealing with the corporation—courts may look past a corporation's formal existence to hold shareholders or other controlling individuals liable for 'corporate' obligations."). This disregard for the corporate form is appropriate when a corporation is merely the alter ego of its owners, such that the corporation no longer has a "separate personality" apart from its owners. *Quinn*, 510 F.2d at 758. Therefore, when a corporation exists solely for the purpose of serving as an alter ego for its owners, " 'the courts will not permit themselves to be blinded or deceived by mere forms or law but, regardless of fictions, will deal with the substance of the transaction involved as if the corporate agency did not exist

and as the justice of the case may require.'" *Id.* (quoting *Chicago, M. & St. P. Ry. Co. v. Minneapolis Civic & Commerce Ass'n,* 247 U.S. 490, 501, 38 S.Ct. 553, 62 L.Ed. 1229 (1918)).

Corporate officers and shareholders do not fall within ERISA's definition of "employer," and thus cannot be held personally liable for a corporation's ERISA obligations by virtue of their relationship to the corporate employer alone. *See Connors v. P & M Coal Co.,* 801 F.2d 1373, 1378 (D.C.Cir.1986) (noting that this exception "does not mean that individuals who abuse their positions of control or who attempt to misuse the corporate form are immune from responsibility for their acts"). Accordingly, a non-signatory to a corporation's collective bargaining agreement generally will not be considered an employer and thus will not be liable under ERISA. However, as the district court noted and the parties agreed, once corporate liability is established under ERISA, "shareholders and officers may be held personally liable for their corporations' obligations under ERISA if they have acted as the 'alter egos' of their corporations or otherwise met the requirements that justify 'piercing the corporate veil' under traditional common law principles." *See id.* (noting that once corporate liability is established under ERISA an individual may be held liable under either an alter-ego or veil-piercing theory).

In *Labadie Coal,* the D.C. Circuit identified the two-prong test for deciding whether to pierce the corporate veil. 672 F.2d at 96. The first prong asks whether there is "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist," and the second prong asks if an inequitable result will follow "if the acts are treated as those of the corporation alone." *Id.; see also Bufco Corp. v. NLRB,* 147

F.3d 964, 969 (D.C.Cir.1998) (noting that this test is derived from the federal common law); *Smith v. Washington Sheraton Corp.,* 135 F.3d 779, 786 (D.C.Cir.1998) (stating that the law in the District of Columbia requires the party attempting to pierce the corporate veil to set forth affirmative evidence on "(1) unity of ownership and interest and (2) use of the corporate form to perpetrate fraud or wrong" (quotation omitted)). Included in the first prong are issues involving "the degree to which formalities have been followed to maintain a separate corporate identity." *Labadie Coal,* 672 F.2d at 96. Within the second prong, the court considers general issues of fairness. *Id.*

Prior to identifying the factors used as a "litmus" test for determining "the extent to which the individuals involved actually view the corporation as a separate being," the *Labadie Coal* court made clear that proof on each factor was not required in order to pierce the corporate veil. *Id.* at 97. The factors identified by the court included: (1) the nature of the corporate ownership and control; (2) failure to maintain adequate corporate records; (3) failure to maintain corporate formalities; (4) commingling of funds and corporate assets; (5) diversion of the corporation's funds or assets; and (6) use of the same office or business location by the corporation and the individual shareholders. *Id.* at 97–99. With respect to the fairness determination, the court noted that fraud was not a prerequisite to piercing the corporate veil. Instead, "an element of injustice or fundamental unfairness" is all that is needed to satisfy the second prong. *Id.* at 99 (quotation omitted).

There are two separate and distinct ways in which the D.C. District Court could have found Pezzo or Demis liable for the corporate debts of Greg Anthony Construction. On the one hand, the Plaintiffs

could have established that Demis and Pezzo were the alter egos of Greg Anthony Construction, such that Plaintiffs were entitled to pierce the corporate veil of Greg Anthony Construction to hold Demis or Pezzo individually liable. On the other hand, Plaintiffs could have established that Demis's and Pezzo's companies, Pezzo Builders and Columbus Masonry, were alter egos of Greg Anthony Construction and that the Plaintiffs were entitled to pierce the corporate veil of those companies to get at their owners or shareholders, Demis and Pezzo. Similarly, regardless of the Pezzo's or Demis's individual liability, the D.C. District Court could have found Pezzo Builders or Columbus Masonry liable for Greg Anthony Construction's corporate debts, if Plaintiffs established that either one or both of these companies were the alter egos of Greg Anthony Construction.

Because the D.C. District Court did not give Plaintiffs an opportunity for discovery or an evidentiary hearing, Plaintiffs opposed Defendants' motion to dismiss for lack of personal jurisdiction with their pleadings and the affidavit of Robert L. Basil ("Basil"), a field representative for the Southern Ohio Administrative District Council of the International Union of Bricklayers and Allied Craftworkers. In defense of the individuals, Plaintiffs relied on sparse statements in Basil's affidavit to arrive at the conclusion that Demis and Pezzo "failed to maintain separate identities from the [c]ompanies and Greg Anthony, .... failed to follow corporate formalities[, and] failed to maintain arms-length relationships among the different entities,

by commingling work and intertwining office space, equipment and staff." Appellant's Br. at 13. The affidavit's passing reference to the individual Defendants stated that Demis is the president of all three companies. Pezzo is the vice president of Columbus Masonry, and both Demis and Pezzo are incorporators of Pezzo Builders. The complaint alleges few additional facts—Demis is the treasurer of all three companies, Pezzo is the vice president of Pezzo Builders, and Pezzo supervised both Columbus Masonry and Greg Anthony employees on at least one specific construction project.

Plaintiffs have not established a prima facie showing of personal jurisdiction in the District of Columbia as to either Demis or Pezzo. Even after construing the facts in the light most favorable to the Plaintiffs, as we must, the Plaintiffs have failed to allege sufficient facts for considering Pezzo and Demis the alter egos of Greg Anthony Construction or for piercing the corporate veil of Pezzo Builders and Columbus Masonry to reach Pezzo and Demis. First, Plaintiffs' allegations [6] do not permit us to reach the conclusion that the individuals and Greg Anthony have "unity of ownership and interest" such that they no longer have "separate personalities." *Labadie Coal*, 672 F.2d at 96. Reading Plaintiffs' pleadings and affidavits generously, the only factor that Plaintiffs arguably raise for piercing the corporate veil is the nature of the corporate ownership and control. Plaintiffs have not shown that either Demis or Pezzo has any ownership interest in Greg Anthony Construction, but merely that they are owners

---

**6.** To the extent that Plaintiffs' complaint suggests that Demis and Pezzo are employers within the meaning of ERISA, the D.C. Circuit has determined previously that the liability of a corporate employer does not extend to its owners and officers because they are not an "employer" as defined in 29 U.S.C.

§ 1002(5). *Int'l Bhd. of Painters & Allied Trades Union v. George A. Kracher, Inc.,* 856 F.2d 1546, 1547–48 (D.C.Cir.1988) (holding that corporate officers are not liable for the delinquent contributions owed by the employer); *Connors,* 801 F.2d at 1378.

and shareholders of Columbus Masonry and Pezzo Builders. Instead, Plaintiffs attempt to rely on Demis's role as president and treasurer of all three companies as evidence of his alter-ego status.[7] While it is true that control, not ownership, is the determinative factor, *id.* at 97, mere reference to Demis's role as an officer in each company is insufficient for establishing a prima facie case of alter-ego liability. With respect to Pezzo, the D.C. District Court properly noted "he is neither a shareholder, officer, [n]or employee. Plaintiffs allege no facts indicating that Mr. Pezzo in any [way] intertwined his affairs with those of Greg Anthony Construction." J.A. at 78 (Dist.Ct.Mem.).

Second, assuming that the companies Columbus Masonry and Pezzo Builders are found to be the alter egos of Greg Anthony Construction, Plaintiffs do not allege any specific facts that would cause the court to reach further to hold Demis and Pezzo individually liable by piercing the corporate veil of the companies they own jointly. Plaintiffs' complaint states that Demis and Pezzo "have failed to follow corporate formalities," but offers no support of these accusations. J.A. at 13 (Compl.). Neither Demis nor Pezzo was accused of undercapitalizing the corporations, failing to maintain separate books, or commingling personal and corporate finances. *See Labadie Coal,* 672 F.2d at 97–99. At best, Plaintiffs' allegations suggest that Pezzo and Demis own companies that intertwine their activities with Greg Anthony Construction. These limited allegations do not support piercing the corporate veil of any of these companies to reach the individual officers or shareholders. In sum, because Plaintiffs' conclusory statements that Pezzo and Demis failed to observe corporate formalities are entirely unsupported, the D.C. District Court arrived at the proper conclusion when it dismissed Defendants Pezzo and Demis for Plaintiffs' failure to make a prima facie showing of personal jurisdiction.

■ Assessing whether alter-ego liability is appropriate when one company is the alter ego of another company involves the application of an identical test. Here, instead of Pezzo and Demis being accused of serving as the alter egos of Greg Anthony Construction, Pezzo Builders and Columbus Masonry stand accused of being Greg Anthony Construction's alter egos. *See generally Mansfield Journal Co. v. FCC,* 180 F.2d 28, 37 (D.C.Cir.1950) (disregarding the corporate fiction when two companies shared "complete common ownership and common control"). Plaintiffs' affidavit alleged that all three companies were "engaged in the construction industry in the state of Ohio" and that all three are "masonry and bricklaying contractors." J.A. at 154 (Pls.' Opp'n to Defs.' Mot. to Dismiss, Ex. B). The affidavit noted that all three companies are listed with the same address in Columbus, Ohio, and that Greg Anthony Construction and Columbus Masonry share the same phone line. Another common thread is that all three companies share the same president and treasurer, who also happens to be an equal shareholder of Pezzo Builders and Columbus Masonry. Greg Anthony Con-

---

7. The Plaintiffs argue that the D.C. District Court improperly considered the Defendants' contradictory assertion that Holderman was the sole shareholder of Greg Anthony Construction. We agree. The D.C. District Court's memorandum refers to Holderman as the sole shareholder of the company even though Plaintiffs argue that an evidentiary hearing is needed to determine ownership. Because Plaintiffs did not receive an evidentiary hearing, Defendants' contradictory assertions should not have been considered by the D.C. District Court. Nevertheless, in light of the Plaintiffs' failure to make a prima facie case against Pezzo or Demis, the D.C. District Court's error was harmless.

struction uses Columbus Masonry letterhead for its business memoranda, submits union benefit reports on Columbus Masonry stationery, and hauls Columbus Masonry equipment in Greg Anthony Construction vehicles. On at least one building project, Greg Anthony Construction started a job which ultimately was completed by Columbus Masonry. Moreover, a Greg Anthony Construction manager offered Columbus Masonry's services to complete a project started by Greg Anthony Construction. Although Defendants subsequently explained away these accusations, the Defendants' controverting assertions should not be considered when determining whether Plaintiffs presented a prima facie case for personal jurisdiction.

The D.C. District Court incorrectly determined that Plaintiffs failed to establish a prima facie case for personal jurisdiction over Pezzo Builders and Columbus Masonry. Construing the facts alleged in the light most favorable to the nonmoving party, we conclude that Plaintiffs made a prima facie showing of personal jurisdiction over both corporate Defendants. Viewing Columbus Masonry operations in tandem with Greg Anthony Construction raises the suspicion that these two businesses are in fact one business, separated only in form. *See Quinn,* 510 F.2d at 758; *Labadie Coal,* 672 F.2d at 97–99. Both Greg Anthony Construction and Columbus Masonry share the same management and supervision—as evidenced by sharing the same president and treasurer and by a Greg Anthony Construction manager's offer of Columbus Masonry services. They operate from the exact same location, using the same phone lines and office materials. At times, Columbus Masonry and Greg Anthony Construction have been known to share assets, including construction equipment and trucks. Further, they are engaged in the very same industry—masonry subcontracting—and on at least one occa-

sion they interchanged their services on the same job. Although Plaintiffs did not present evidence that Pezzo Builders is a fully operational business, sufficient factual allegations establish personal jurisdiction over Pezzo Builders. Pezzo Builders, like Columbus Masonry, is commonly controlled by those officers who also control Greg Anthony Construction and Columbus Masonry. Moreover, Pezzo Builders shares a business location with Columbus Masonry and Greg Anthony Construction and is incorporated to engage in a similar construction business. While the facts alleged against Pezzo Builders are not as substantial as those alleged against Columbus Masonry, the allegations remain sufficient to make a prima facie case on the first prong of the *Labadie Coal* test. Thus, the facts alleged for Pezzo Builders and Columbus Masonry established the first requirement of the alter-ego test— complete "unity of interest and ownership" such that the corporations do not have "separate personalities." *Labadie Coal,* 672 F.2d at 96.

In addition, the application of the alter-ego doctrine requires "an element of injustice or fundamental unfairness." *Id.* at 99 (quotation omitted). Here, the unfairness and injustice are plain—in the absence of dismantling the corporate fiction, Plaintiffs presumably will be unable to recover the full amount due under the collective bargaining agreements. Although this is not a case where one company has surrendered "substantially all freedom of corporate action" by allowing another company to assume total control, *Chicago, M. & St. P. Ry.,* 247 U.S. at 497, 38 S.Ct. 553, Plaintiffs nonetheless have stated a prima facie case of alter-ego liability. Because proof on each factor is unnecessary to reach a conclusion that one company is the alter ego of the other, the Plaintiffs' pleadings and affidavits were sufficient to pres-

ent a prima facie case of alter-ego liability for Columbus Masonry and Pezzo Builders. Therefore, the D.C. District Court had personal jurisdiction over these two Defendants.

## D. Transfer to the Southern District of Ohio

After concluding that the D.C. District Court did not have personal jurisdiction over the individual Defendants, Demis and Pezzo, we must now consider whether, regardless of personal jurisdiction, the D.C. District Court erred by failing to transfer the claims against Pezzo and Demis to the Southern District of Ohio. Because we determined that the D.C. District Court had personal jurisdiction over the Defendant corporations, we need not reach this same question with respect to Columbus Masonry and Pezzo Builders.[8]

### 1. Standard of Review

Because "[t]he decision of whether to dismiss or transfer is within the district court's sound discretion," we review a district court's transfer decision under § 1406 for an abuse of discretion. *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir.1998). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Bowling v. Pfizer, Inc.*, 102

F.3d 777, 780 (6th Cir.1996) (quotation omitted).

### 2. Section 1406 Transfers

■ Congress has enacted a number of statutes that give federal courts the power to transfer cases *sua sponte*. Although each is worded differently and each covers distinct situations, they all state the position that cases should be transferred only when it is in the interests of justice. *See generally* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); 28 U.S.C. § 1631 (providing that a federal court shall transfer a case, "if it is in the interest of justice," when it determines that it lacks jurisdiction over a civil action or appeal, and that jurisdiction lies in another court). In this case, the D.C. District Court did not distinguish between § 1404(a) and § 1406(a) when it transferred the action against Greg Anthony Construction to the Southern District of Ohio.[9]

---

8. We note that if we had concluded that personal jurisdiction over the corporate Defendants was lacking in the D.C. District Court, the answer to this critical transfer question would be the determinative analysis for those Defendants as well.

9. We will evaluate the transfer using § 1406, because it is clear that the D.C. Circuit uses this statute in situations where personal jurisdiction is lacking over the parties, *see Sinclair v. Kleindienst*, 711 F.2d 291, 293–94 (D.C.Cir. 1983), whereas it is unclear whether the D.C. Circuit has extended the use of § 1404(a) to situations where the district court lacks personal jurisdiction over the parties. *See*

*McFarlane v. Esquire Magazine*, 74 F.3d 1296, 1301 (D.C.Cir.1996) ("[W]e need not try to resolve the 'nearly hopeless muddle' of conflicting reasoning and precedent as to which statute[, § 1404 or § 1406,] properly applies [when personal jurisdiction is lacking.]"). Nevertheless, "[t]he end result is the same, and very few litigants will care whether the court purports to proceed under § 1404(a) or § 1406(a) in transferring to a district where service can be made. Thus it is hardly surprising that many courts say that either statute can be used." 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Feder-*

The Supreme Court's decision in *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), expressly included the lack of personal jurisdiction as one of the procedural hurdles that can be remedied by a § 1406 transfer. *Id.* at 466–67, 82 S.Ct. 913. The Court attempted to "remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Id.* However, the Supreme Court did not decide whether lack of personal jurisdiction, alone, was sufficient to invoke a § 1406 transfer. Relying on *Goldlawr*, the D.C. Circuit previously has determined that even when venue is proper, if personal jurisdiction is lacking § 1406 can be used to transfer the action to a forum where it could have originally been brought. *Sinclair v. Kleindienst*, 711 F.2d 291, 293–94 (D.C.Cir.1983) ("The procedural obstacles which may be removed by a transfer include the lack of personal jurisdiction, improper venue and statute of limitations bars.").

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1)-(2), the Southern District of Ohio is a place where the action could have been brought originally because this is both where the breach took place and where the Defendants reside or can be found. Nonetheless, instead of transferring the entire action to the Southern District of Ohio, the D.C. District Court chose to dismiss four of the Defendants and to transfer only the claims against Greg Anthony Construction to the Southern District of Ohio pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). Thus, we must consider whether the D.C. District Court abused its discretion when it decided to dismiss most of the Defendants rather than transfer the entire action to the Southern District of Ohio. In order for us to conclude that the D.C. District Court abused its discretion, we must determine that it was in the interest of justice for the entire case to be transferred pursuant to § 1406.

One aspect of a determination of whether a transfer is in the interest of justice involves an assessment of whether personal jurisdiction would be obtained in the transferee court. *See Sinclair*, 711 F.2d at 294 (noting that transfer to a court with personal jurisdiction over the defendants makes "adjudication on the merits of plaintiff's claims possible"). Because the law of the transferee forum applies when a case is transferred pursuant to § 1406(a), *see* 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3827, at 264–65 (2d ed.1986), had the D.C. District Court refrained from dismissing the four defendants for lack of personal jurisdiction and transferred the entire case regarding the five defendants to the Southern District of Ohio, it appears that the Southern District of Ohio would have had personal jurisdiction with respect to each defendant.

Federal Rule of Civil Procedure 4(k)(1)(A) states that personal jurisdiction exists over any properly-served defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Fed.R.Civ.P. 4(k)(1)(A). In *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940), the Supreme Court made clear that a state has jurisdiction over those domiciled within its borders, even when such person is absent from the state. *See id.* at 463–64, 61 S.Ct. 339 ("The state which accords him privileges and affords protection to him and his property by virtue of his domicile may also exact reciprocal duties.... One such incidence of domicile is amenability to suit within the

*al Practice and Procedure* § 3827, at 265–66    (2d ed.1986).

state."). With respect to corporations, a corporation's domicile is the state of its incorporation and where it conducts business. *See* 8 William Meade Fletcher, *Fletcher Cycolpedia of the Law of Private Corporations* § 4029, at 410 (2001) ("For jurisdictional purposes, corporations are deemed residents or inhabitants of particular places, and such place is the jurisdiction in which it was incorporated ... and where it transacts business."). Moreover, we have stated that "[w]here a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir.2002) (citations omitted). Even though we realize that Ohio's long-arm statute [10] does not extend to the constitutional limits of the Due Process Clause, we focus nevertheless "on whether there are sufficient minimum contacts between the nonresident defendant and the forum state so as to not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

Accordingly, the Southern District of Ohio clearly would have had personal jurisdiction over both Columbus Masonry and Pezzo Builders, which are both resident corporations of the state of Ohio and conduct business in the state. Because the record is not clear on whether Pezzo and

Demis are Ohio residents, whether personal jurisdiction exists over them is a more complicated question. The record indicates only that both Pezzo and Demis have business addresses in Columbus, Ohio, and does not specify their residences. Assuming that Pezzo and Demis are nonresidents, the mere fact that the court has personal jurisdiction over the corporate entities does not by itself imply that the court also has personal jurisdiction over their officers. *See Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir.1974). However, this court previously has held that personal jurisdiction is still possible over defendants whose actions connecting them to a particular state take place in their official, rather than in their personal, capacities. *See Balance Dynamics Corp. v. Schmitt Indus., Inc.*, 204 F.3d 683, 698 (6th Cir.2000). Thus, where an out-of-state corporate officer "is actively and personally involved in the conduct giving rise to the claim, the exercise of personal jurisdiction should depend on traditional notions of fair play and substantial justice; *i.e.*, whether she purposely availed herself of the forum and the reasonably foreseeable consequences of that availment." *Id.* Because Pezzo and Demis are the vice-president and president, respectively, of Pezzo Builders and Columbus Masonry, their involvement in orchestrating the affairs of these masonry companies conducting business in Ohio likely is sufficient to establish the minimum contacts needed, if in fact Pezzo and Demis are nonresidents. *See Bird*, 289 F.3d at 870. Moreover, Pezzo and Demis, as officers of these Ohio corporations, purposefully availed them-

---

**10.** The pertinent portion of Ohio's long-arm statute reads: "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state; (2) Contracting to supply services or goods in this state;...." Ohio Rev.Code Ann. § 2307.382 (West 1994 & Supp.2002). The term "person" as used in this section "includes an individual, his executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who is a nonresident of this state." Ohio Rev.Code Ann. § 2307.381 (West 1994 & Supp.2002).

selves of the forum state and because of this involvement they should be expected to submit to the jurisdiction of the forum state's courts regardless of their resident status. Instead of granting the Defendants' motion to dismiss for lack of personal jurisdiction based on Plaintiffs' failure to establish a prima facie showing of corporate veilpiercing or alter-ego relationships, the D.C. District Court should have transferred the case, thereby making the establishment of a prima facie case unnecessary to ensure personal jurisdiction over the Defendants.

In the present case, it is clear that the Plaintiffs made a mistake when they filed in the D.C. District Court as opposed to the Southern District of Ohio. Transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. *See Goldlawr, Inc.*, 369 U.S. at 466–67, 82 S.Ct. 913. Transfer also furthers the interest of justice because the relevant activities and contacts appear predominantly in the Southern District of Ohio. Moreover, because the D.C. District Court chose to transfer the claims against Greg Anthony Construction, the alternate course of requiring Plaintiffs to start over by refiling their case against the dismissed Defendants in the Southern District of Ohio serves no useful purpose.

We recognize that once the case is remanded to the Southern District of Ohio, Defendants will likely file a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The standard for a Rule 12(b)(6) motion is different from the standard in a 12(b)(2) motion, and thus the Southern District of Ohio would have to conduct a separate inquiry as opposed to relying on the D.C. District Court's analysis of a prima facie case. When faced with a Rule 12(b)(6) motion, the district court must view the complaint in the light most favorable to the plaintiff and construe all factual allegations as true. *See Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir.2002). Although we are not confronted with a Rule 12(b)(6) dismissal and therefore do not need to reach this question, the Plaintiffs' allegations as to the Defendants should be sufficient "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bird*, 289 F.3d at 871 (quotation omitted).

## III. CONCLUSION

For the reasons set forth above, we **REVERSE** the D.C. District Court's decision to dismiss Defendants Columbus Masonry and Pezzo Builders for lack of personal jurisdiction and its decision not to transfer the entire case against the four Defendants pursuant to § 1406. Therefore, we **REMAND** to the Southern District of Ohio for consideration of Plaintiffs' claims against Pezzo, Demis, Pezzo Builders, and Columbus Masonry.

SILER, Jr., Circuit Judge, concurring in part and dissenting in part.

I concur in the conclusion by the majority that the D.C. District Court had *prima facie* jurisdiction over Columbus Masonry, Inc. Additionally, I concur with the majority that the D.C. District Court did not have jurisdiction over the individuals, Louis Demis and Onofrio Pezzo. However, I do not agree that there was *prima facie* jurisdiction over Pezzo Builders. As the majority indicates, the facts alleged against Pezzo Builders are not as substantial as those alleged against Columbus Masonry. In fact, there is nothing to tie Pezzo Builders with Columbus Masonry and Greg Anthony Construction except the affidavit by the plaintiffs that the three

companies were "engaged in the construction industry in the state of Ohio" and that they are "masonry and bricklaying contractors." Admittedly, they have the same address, but, unlike Greg Anthony Construction and Columbus Masonry, there is nothing in the affidavit to show even that Pezzo Builders uses the same telephone line. They may have common officers, but that is not enough to establish jurisdiction over Pezzo Builders. Because of these facts, I would not find jurisdiction over Pezzo Builders in the District of Columbia.

I also dissent from the conclusion by the majority that the district court erred in failing to transfer the case to the Southern District of Ohio under 28 U.S.C. § 1406 or 1631. As the majority admits, the standard is whether the district court abused its discretion by failing to transfer the case. None of the parties has asserted on appeal that the district court erred by failing to transfer this case to the Southern District of Ohio. Only Greg Anthony Construction raised the issue in the District of Columbia. Greg Anthony Construction is no longer a party to this appeal, and none of the other parties has preserved, or has even asserted this question.

I agree with the majority that there are cases like *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), which allow a transfer of a case when there is no personal jurisdiction over the parties. However, the majority has not cited any case in which a court abused its discretion for a failure to transfer, when the parties involved did not request a transfer. I simply do not understand how a court can abuse its discretion, when it is not given the opportunity to do so by the litigants.

Thus, I agree with the conclusion of the majority to reverse the decision to dismiss Columbus Masonry as a party defendant for lack of personal jurisdiction. Otherwise, I would affirm the decision of the district court to dismiss the individuals, Demis and Pezzo, and the company, Pezzo Builders, for lack of personal jurisdiction. I would not find any abuse of discretion by the district court in failing to transfer the case when no party requested the transfer.

MCKINLEY, District Judge. Concurs in result only.