## In re FIRSTENERGY SHAREHOLDER DERIVATIVE LITIGATION.

### No. 5:03–CV–1826.

United States District Court,
N.D. Ohio.

Jan. 26, 2004.

Daniel L. Berger, Bernstein, Litowitz, Berger & Grossman, New York City, Javier Bleichmar, Bernstein, Litowitz, Berger & Grossmann, New York City, Jules Brody, Stull, Stull & Brody, New York City, Stanley M. Chesley, Waite, Schneider, Bayless & Chesley, Cincinnati, OH, Melanie S. Corwin, Waite, Schneider, Bayless & Chesley, Cincinnati, OH, James R. Cummins, Waite, Schneider, Bayless & Chesley, Cincinnati, OH, Blake A. Dickson, Schiff & Dickson, Cleveland, OH, Robert S. Gans, Bernstein, Litowitz, Berger & Grossmann, San Diego, CA, David C. Katz, Weiss & Yourman, New York City, Thomas P. Glass, Strauss & Troy, Cincinnati, OH, Douglas M. McKeige, Bernstein, Litowitz, Berger & Grossman, New York City, Michael B. Pasternak, Chernett, Wasserman, Yarger & Pasternak, Cleveland, OH, Marvin H. Schiff, Schiff & Dickson,

Cleveland, OH, Gerald H. Silk, Bernstein, Litowitz, Berger & Grossman, New York City, Richard S. Wayne, Strauss & Troy, Cincinnati, OH, Joseph H. Weiss, Weiss & Yourman, New York City, Victoria O. Wilheim, Bernstein, Litowitz, Berger & Grossmann, New York City, Jonathon M. Yarger, Chernett, Wasserman, Yarger & Pasternak, Cleveland, OH, for Plaintiffs.

Paul R. Bessette, Akin, Gump, Strauss, Hauer & Feld, Austin, TX, Joseph A. Castrodale, Calfee, Halter & Griswold, Cleveland, OH, Orrin L. Harrison, Akin, Gump, Strauss, Hauer & Feld, Dallas, TX, Maura L. Hughes, Calfee, Halter & Griswold, Cleveland, OH, Amy H. Joliet, Calfee, Halter & Griswold, Cleveland, OH, Steven S. Kaufhold, Akin, Gump, Strauss, Hauer & Feld, Los Angeles, CA, Mark I. Wallach, Calfee, Halter & Griswold, Cleveland, OH, Nathan A. Wheatley, Calfee, Halter & Griswold, Cleveland, OH, for Defendants.

## OPINION & ORDER

GWIN, District Judge.

Defendants, FirstEnergy Corporation, *et al.* ("Defendants"), move for a stay of discovery in this shareholder derivative litigation pending resolution of a contemplated motion to dismiss in the securities fraud litigation in which FirstEnergy is also a defendant. *See In re FirstEnergy Corp. Sec. Litig.,* No. 03CV1684. Defendants assert that the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), mandates this stay. Alternatively, Defendants request that the Court stay discovery under Federal Rule of Civil Procedure 26(c). Lead Plaintiffs, The Teachers' Retirement System of Louisiana and Dr. Scheller ("Lead Plaintiffs"), oppose the motion. For the reasons set forth below, the Court DENIES Defendants' motion.

## I. BACKGROUND

Pending before the Court are derivative actions filed on behalf of FirstEnergy alleging that members of the Company's board of directors engaged in a pattern of neglect, failed to oversee the operations and financial reporting of the Company, and failed to have

basic systems in place to protect the assets of the Company. The Court consolidated the shareholder derivative actions on December 9, 2003. On January 7, 2004, the Court appointed the Teachers Retirement System of Louisiana and Dr. Scheller as co-lead plaintiffs.

Also before the Court are ten related securities fraud claims involving FirstEnergy. These cases have been separately consolidated into the lead case of *In re FirstEnergy Corporation Securities Litigation,* Case No. 03CV1684.

## II. DISCUSSION

■ The PSLRA provides a stay of discovery, subject to limited exceptions, during the pendency of any motion to dismiss in an action filed under the federal securities laws. 15 U.S.C. § 78u–4(b)(3)(B). In relevant party, the PSLRA provides:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, until the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.
>
> 15 U.S.C. § 78u–4(b)(3)(B).

### A. Enforcement of a Discovery Stay under the PSLRA

Defendants suggest that Lead Plaintiffs have merely alleged federal securities law claims dressed up in the language of derivative claims. Thus, Defendants urge the Court to apply the PSLRA's discovery stay to this derivative litigation.

The Court finds Defendants' argument unpersuasive. The PSLRA, by its terms, is limited to actions filed under the federal securities laws and does not apply outside this context. *See In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.,* 2003 WL 22227945 (S.D.N.Y. Sep.26, 2003) (noting that PSLRA discovery stay does not apply to ERISA actions). Although the securities

fraud claims and the shareholder derivative claims include similar facts, this is insufficient to bring the state law derivative claims within the ambit of the PSLRA. *Cf. id.* The Lead Plaintiffs do not make any federal securities law claims. Rather, Lead Plaintiffs constrain their claims to derivative claims brought into federal court pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a)(1). These claims fall outside the PSLRA's discovery stay.

Despite the lack of statutory support for their position, Defendants argue at some length that Congress clearly intended for the PSLRA to stay discovery in this derivative litigation. Yet, on the issue of staying discovery in shareholder derivative litigation filed in federal court, the PSLRA is silent. The Court does not read in this silence Congress's intent to prevent discovery in non-securities fraud cases simply because the cases share facts in common with securities fraud cases. *Cf. Tobias Holdings, Inc., v. Bank United Corp.,* 177 F.Supp.2d 162, 167 (S.D.N.Y.2001) (concluding that allowing discovery to proceed on claims invoking diversity jurisdiction did not defeat Congress's intent, although these claims were combined with claims alleging federal securities law violations that were subject to the PSLRA).

Moreover, the Court concludes that permitting discovery to go forward in this instance does not frustrate the goals of the PSLRA. Although Defendants suggest that Lead Plaintiffs in this action will use discovery to assist plaintiffs in the related securities fraud litigation, Defendants only speculate on this point. Contrary to Defendants assertion, Lead Plaintiffs explain that none of the attorneys in the derivative litigation are attorneys in the securities fraud litigation.[1] *Cf. In re AOL Time Warner, Inc. Securities & "ERISA" Litigation,* 2003 WL 715752 at *2 (S.D.N.Y. Feb. 28, 2003) (partially basing decision to impose stay in ERISA action on fact that counsel represented plaintiffs in both ERISA and securities fraud actions). Furthermore, in administering this case, this

---

1. At one point, the firm of Strauss & Troy represented plaintiffs in both the securities fraud litigation and the derivative litigation. However, Strauss & Troy subsequently filed notice with the

Court that it was no longer counsel of record for the securities fraud plaintiffs. At this time, Strauss & Troy appears only as counsel in the derivative action.

587

Court endeavors "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. Proc. 1. Any exchange of information, otherwise discoverable in this derivative action, facilitates the purpose of Fed. R. Civ. Proc. 1.

For these reasons, the Court declines to apply the PSLRA's discovery stay to this shareholder derivative litigation.

### B. Stay under Fed. R. Civ. Proc. 26(c)

 Alternatively, Defendants suggest that the Court should enter a protective order staying discovery in this litigation under Fed. R. Civ. Proc. 26(c). This rule allows the Court to enter a protective order upon a showing of good cause. Fed.R.Civ.P. 26(c). The party moving for the protective order bears the burden of showing good cause. *See e.g., In re Terra International, Inc.,* 134 F.3d 302 (5th Cir.1998) (so concluding). Specifically, a court is authorized to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). Defendants argue that "good cause" exists for the Court to enter a protective order because the plaintiffs in the securities litigation will have access to the derivative discovery and impermissibly use it to amend their complaint or oppose Defendants' motion to dismiss.

The Court is utterly unconvinced that it should enter a protective order based on this speculative harm. As previously noted, Defendants supposition that discovery in this litigation will be impermissibly leaked to plaintiffs in the securities fraud litigation has no factual support. Moreover, the Court has concluded that Defendants are not "absolutely entitled" to the discovery stay in this derivative action under the PSLRA. In fact, Defendants are not "absolutely entitled" to the discovery stay even in the securities fraud litigation. *See* 15 U.S.C. § 78u–4(b)(3)(B) (providing judicial discretion to lift stay when necessary to preserve evidence or prevent undue prejudice). The Court finds that Defendants have not satisfied their burden of showing good cause justifying issuance of a protective order. Therefore, the Court denies Defendants' request to enter a

protective order under Fed. R. Civ. Proc. 26(c).

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to enforce a discovery stay under the PSLRA or, alternatively, to order a stay pursuant to Fed. R.Civ.P. 26(c).

IT IS SO ORDERED.