In re: **GREAT LAKES FACTORS, INC., Debtor(s)**

**Per–Co Ltd, et al., Plaintiff(s)**

v.

**Great Lakes Factors, Inc., et al., Defendant(s).**

Nos. 03–3133, 03–31616.

United States Bankruptcy Court, N.D. Ohio.

July 22, 2005.

Thomas J. Schank, Toledo, OH, for Debtor.

---

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

Before this Court is the Motion of the Defendant, RFC Banking Company, f/k/a/ the Peoples Banking Company, for a Protective Order pertaining to the Notice of Deposition filed by the Plaintiffs, Per–Co., Ltd and Perry Farms, Inc. According to the Defendant, the Deposition Notice is overbroad, and seeks to insert issues into this litigation which are irrelevant. Based thereon, the Defendant requests this specific relief:

> for protection regarding the breadth of testimony requested by Plaintiffs in their Arbitrary Noticed Deposition of Peoples Banking Company, limiting the testimony of Peoples to transactions and negotiations which occurred after 2002,

and restricting the inquiry to exclude the Business Manager transactions.

(Doc. No. 83, at pg. 7).

### DISCUSSION

■ The movant for a protective order carries the burden to establish its right thereto. *In re FirstEnergy Shareholder Derivative Lit.,* 219 F.R.D. 584, 587 (N.D.Ohio 2004). Here, the Defendant, RFC Banking Company, f/k/a/ the Peoples Banking Company (hereinafter "Peoples"), has raised two legal grounds, addressed in order below, in support of its Motion for a protective order: (1) relevancy; and (2) overbreadth.

■ Relevancy, like with evidentiary issues, is the foundation upon which all matters pertaining to a party's right to discovery lie. Consequently, matters which are found to be irrelevant are excluded from the scope of discovery; no protective order is actually needed. In this matter, Peoples puts forth that the information sought by the Plaintiffs would not help in the prosecution of their action, and is thus irrelevant, because (1) it inappropriately seeks to impute culpability to the Defendant, and (2) involves matters that took place prior to the time the Plaintiffs became involved in the transactions which are at issue.

■ Rule 26(b)(1) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7026, sets forth the parameters for relevancy, providing that the "[p]arties may obtain discovery regarding any matter, not privileged, that is *relevant* . . . . to the claim or defense of any party . . . ." (emphasis added). Thus, two strictures are placed upon the scope of relevant evidence: (1) although relevant, discovery may not include matters which are privileged; and (2) relevant evidence is limited to issues related to the "the claim or defense" of the parties. It is

the latter limitation which is at issue in this matter.

■ Principally, claims and defenses are to be raised in the parties' pleadings, with the Rules of Procedure providing that a party is required, to the extent applicable, to make a "short and plain statement of the claim" and their "defenses to each claim asserted . . . ." FED.R.CIV.P 8(a)/(b). By conditioning relevancy therefore on the claim and/or defense of a party, any controversy regarding its existence must necessarily focus on those claims and defenses raised by the parties in their pleadings. *Thompson v. H.U.D.*, 219 F.R.D. 93, 97 (D.Md.2003) (fact must be germane to a claim or defense alleged in the pleading for information concerning it to be a proper subject of discovery).

■ In this matter, the Plaintiffs' Complaint seeks a declaratory judgment that the company, Great Lakes Factors, Inc., is not an alter ego of the company, Great Lakes Funding. And, in the alternative, the Plaintiffs assert a claim having, as its averments, the indicia of an equitable right of subordination against Peoples pursuant to 11 U.S.C. § 510(c). (The Defendant filed a counterclaim, seeking, *inter alia,* that it be deemed to have a first and best interest in all of the assets, accounts and otherwise, of Great Lake Factors.)

■ With respect to the first, the alter ego doctrine allows a litigant to disregard the corporate form so as to reach assets otherwise unattainable. *Flynn v. Greg Anthony Constr. Co., Inc.,* 95 Fed. Appx. 726, 733 (6th Cir.2003) Under this doctrine, the primary issue is whether two business entities—here this being the two entities using the namesake, Great Lakes—are "fundamentally indistinguishable" from the other. *Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Co., Inc.,* 67 Ohio St.3d 274, 288–89, 617 N.E.2d 1075, 1077 (1993). An alter ego claim thus places its focus on the putatively alike business entities and away from any acts conducted by a creditor. *Accord, Kalb, Voorhis & Co. v. American Financial Corp.,* 8 F.3d 130, 133 (2 nd Cir.1993) (although applied in a different context, *pari delicto* defense is generally not available in an alter ego action). The exact opposite, however, is true with respect to a claim for equitable subordination under § 510(c) which looks directly to the propriety of the creditor's conduct. This distinction is crucial.

Those discovery requests which are controverted in this matter,—the testimony regarding transactions and negotiations which occurred between Great Lakes Funding and Peoples prior to 2002, and the Business Manager Program—are admittedly aimed entirely at obtaining information regarding whether Peoples engaged in any inequitable conduct that then led to those losses the Plaintiffs incurred. Thus, with the focus of their discovery requests placed entirely on the propriety of Peoples' actions, relevancy must be keyed solely to the Plaintiffs' claim for equitable subordination under § 510(c); not a determination as to whether the alter ego doctrine is applicable in this matter.

■ In *United States Abatement Corp. v. Mobil Exploration & Producing, U.S., Inc. (In re United States Abatement Corp.),* the Fifth Circuit explained the doctrine of equitable subordination under § 510(c) as follows:

Equitable subordination is a remedial, not penal, measure which is used only sparingly. This court has established a three-prong test to identify those situations in which equitable subordination is permitted: (1) the claimant must have engaged in some type of inequitable conduct; (2) the conduct must have resulted in injury to the creditors or conferred an

unfair advantage on the claimant; and (3) the invocation of equitable subordination must not be inconsistent with the provisions of the Bankruptcy Code.

While our three-pronged test appears to be quite broad, we have largely confined equitable subordination to three general paradigms: (1) when a fiduciary of the debtor misuses his position to the disadvantage of other creditors; (2) when a third party controls the debtor to the disadvantage of other creditors; and (3) when a third party actually defrauds other creditors.

39 F.3d 556, 561 (5th Cir.1994). *See also In re AutoStyle Plastics, Inc.*, 269 F.3d 726, 744–45 (6th Cir.2001) (adopting the three-part test). As it regards this structure of a claim under § 510(c), the Plaintiffs put forth that the underlying purpose for their particular discovery requests is to obtain information regarding Peoples' knowledge of matters such as this: What were Great Lakes Funding's assets; where did the assets originate; what was the value of the assets; and what was Great Lakes Funding's borrowing base in its transactions with Peoples? (Doc. No. 85, at pg. 6).

Functionally, these informational objectives serve a legitimate discovery purpose. For example, the attainment of this information could answer questions such as whether Great Lakes Funding was undercapitalized when Peoples extended credit, a factor which may be considered in an analysis under § 510(c). *See In re AutoStyle Plastics, Inc.*, 269 F.3d 726, 747 (6th Cir.2001) (although not dispositive, undercapitalization is relevant to an action for equitable subordination.). Looked at then under this light, the Court, on irrelevancy grounds, is unable to reconcile such informational objectives, with Peoples' discovery objections.

In greater detail, relevancy for discovery purposes is applied broadly, following the definition afforded in the Federal Rules of Evidence which sets forth that relevant evidence encompasses any "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED.R.EVID. 401; *Eggleston v. Chicago Journeymen Plumbers' Local Union No.*, 130, 657 F.2d 890, 905 (7th Cir.1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982). And under this comprehensive definitional umbrella, Peoples' initial discovery objection, seeking the exclusion of testimony regarding transactions and negotiations that took place prior to 2002, simply does not stand up to scrutiny. Rather, such evidence carries with it the real potential to shed light on the nature of the relationship between Great Lakes Funding and Peoples, thereby directly affecting the likelihood of the Plaintiffs' success on their claim for equitable subordination under § 510(c).

The mere fact, as argued by Peoples, that those transactions and negotiations that transpired prior to 2002 are irrelevant simply because the Plaintiffs had no relationship with any of the Defendants prior to this date does not make sense in isolation. Numerous types of actions, a claim of equitable subordination being no exception, will turn on events that transpired before a plaintiff had any connection to the defendant(s). The establishment of a claim for fraud, for example, will in many instances turn on actions taken by the misfeasor leading up to the actual transaction(s) constituting the fraudulent act. Stated in legal terms, all the elements of a cause of action—e.g., duty, breach, causation, and damages—do not necessarily have to take place simultaneously, but may develop over the course of time. Things,

however, get a little more murky on the issue of relevancy with regards to the other evidence against which Peoples' lodged its discovery objection, that regarding their Business Manager Program.

■ The nature Business Manager Program of Peoples was explained to the Court as follows:

> The Business Manager is a packaged software program sold to small banks. It provided software that produced the documents necessary for asset based lending, allowing small banks to enter into the asset based lending market.

(Doc. No. 83, at pg. 4). As for how access to this Program would further their informational objectives, no firm reasons were offered to the Court, and none are readily apparent. Yet, even in giving them the benefit of the doubt, the link between this Program and the type of information sought by the Plaintiffs to support their claim for equitable subordination is tenuous at best. In fact, it is fair to conclude that the Plaintiffs' entire basis for seeking such information is founded upon nothing more than a hunch.

■ Still, operating on a hunch does not denote that the information sought by the Plaintiffs is irrelevant for discovery purposes; the Rules pertaining to discovery make it clear that "[r]elevant information need not be admissible at the trial" to be discoverable, so long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1). Nevertheless, under Rules 26(b)(2) and 26(c), courts are provided with abundant resources to pare down discovery requests which, although technically relevant, are unreasonably burdensome and overbroad. *Thompson v. United States Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93, 101 (D.Md.2003). As was explained in the case of *Rowlin v. Alabama*:

courts have the duty to pare down overbroad discovery requests under Rule 26(b)(2), which provides that information may sometimes be withheld, even if relevant. The court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, discounted by society's interest in furthering the truth-seeking function.

200 F.R.D. 459, 461 (M.D.Ala.2001). And here, as argued by Peoples under its second legal basis for a protective order, the Court finds that, while not necessarily irrelevant, the Plaintiffs' discovery requests regarding the Business Manager Program are both overbroad and burdensome, and therefore should be restricted.

On this matter, the Court observes that without reasonable limitations placed on the litigation process, parties could engage in an endless cycle of discovery, frustrating the policy goal of resolving private disputes in a timely manner. And, the seeds of this concern are beginning to develop here. In particular, the logic the Plaintiffs' employ in seeking the discovery of the Business Manager Program would also allow them to seek the discovery of just about anything Peoples possesses, (person, place or thing), so long as a connection, no matter how nebulous, could be drawn between Peoples and that of Great Lakes Funding. In the absence of very compelling circumstances, the discovery process was never intended to cast such a wide net.

Consequently, unless the Plaintiffs can later articulate, with a great degree of specificity, exactly the type of information that they expect to obtain through the discovery of People's Business Manager Program, (e.g., such as may appear after conducting its deposition), the Plaintiffs will not be permitted to go on a fishing

expedition. Thus a protective order will issue and remain in effect regarding the Business Manager Program unless later ordered otherwise by this Court. But for those reasons also explained, no such order will apply so as exclude testimony of transactions and negotiations that occurred prior to 2002.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the Defendant, RFC Banking Company, f/k/a/ the Peoples Banking Company, for a Protective Order pertaining to the Notice of Deposition filed by the Plaintiffs, Per–Co., Ltd. and Perry Farms, Inc., be, and is hereby, GRANTED IN PART; AND DENIED IN PART.

It is **FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 26(b)(2)/(c), a protective is issued with respect to those discovery requests sought by the Plaintiffs regarding the Business Manager Program.