RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0431P (6th Cir.)
File Name: 02a0431p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

JOYCE K. ANGEL, individually
and on behalf of all others
similarly situated,
      *Plaintiff-Appellant,*

     *v.*

COMMONWEALTH OF
KENTUCKY; KENTUCKY
TRANSPORTATION CABINET;
JAMES C. CODELL III, in his
official capacity as Secretary
of Transportation; DIVISION
OF VEHICLE REGISTRATION;
ED LOGSDON, in his official
capacity as Commissioner of
Vehicle Registration,
     *Defendants-Appellees.*

No. 00-6135

Appeal from the United States District Court
for the Eastern District of Kentucky at Frankfort.
No. 99-00047—Joseph M. Hood, District Judge.

Argued: November 1, 2002

Decided and Filed: December 23, 2002

1

Before:  MERRITT and GILMAN, Circuit Judges;
          TARNOW, District Judge.[*]

_____

**COUNSEL**

**ARGUED:**    Michael G. Brautigam, GENE MESH &
ASSOCIATES, Cincinnati, Ohio, for Appellant.  D. Brent
Irvin, OFFICE OF THE ATTORNEY GENERAL, Frankfort,
Kentucky, for Appellees.  **ON BRIEF:**    Michael G.
Brautigam, GENE MESH & ASSOCIATES, Cincinnati,
Ohio, for Appellant.   D. Brent Irvin, OFFICE OF THE
ATTORNEY   GENERAL,   Frankfort,   Kentucky,   for
Appellees.

_____

**OPINION**

_____

   RONALD LEE GILMAN, Circuit Judge.  Joyce K. Angel
filed suit on behalf of herself and all others similarly situated,
challenging the fee charged by the Commonwealth of
Kentucky for the use of a parking placard available to
disabled persons.  Angel claims that these fees are "illegal
surcharges" under Title II of the Americans with Disabilities
Act (ADA).  Kentucky, on the other hand, argues that the
nominal fee is actually a tax, which divests the federal courts
of jurisdiction pursuant to the Tax Injunction Act (TIA).
Alternatively, the state contends that Angel's suit against it is
barred by the Eleventh Amendment to the United States
Constitution.  The district court granted the state's motion to
dismiss Angel's complaint on the basis that the court lacked
jurisdiction under the TIA.  Although we have grave doubts
concerning the applicability of the TIA to the present case, we

_____

   [*]The Honorable Arthur J. Tarnow, United States District Judge for
the Eastern District of Michigan, sitting by designation.

by the court below. *See Wilson-Jones v. Caviness*, 99 F.3d 203, 206 (6th Cir. 1996) (holding that "state immunity is jurisdictional in the same sense as the complete diversity requirement or the well-pleaded complaint rule . . . . [A] federal court *must* examine each claim in a case to see if the court's jurisdiction is barred by the Eleventh Amendment") (emphasis in original; internal citations and quotation marks omitted). Because Angel has not pled facts sufficient to survive *Popovich'*s bar to Eleventh Amendment suits under Title II of the ADA, we affirm the district court's dismissal on this basis.

The state's second Eleventh Amendment argument relates to Angel's failure to name the appropriate county clerk who issued her the parking placard. It claims that the clerk is an indispensable party in order to meet the *Ex parte Young* exception to Eleventh Amendment immunity and to obtain prospective injunctive relief. *Ex parte Young*, 209 U.S. 123 (1908) (holding that in order to sue an officer of the state to enjoin the enforcement of an act alleged to be unconstitutional, the officer must be connected with the enforcement of the act). Angel is of course free to file a new suit against the appropriate county clerk for injunctive relief, but, as to her present suit against the state, it must be dismissed for lack of subject matter jurisdiction.

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.

nevertheless **AFFIRM** the judgment of the district court on the basis of the state's Eleventh Amendment immunity.

## I. BACKGROUND

### A.  Factual background

Angel uses a disabled-access placard when being driven to places she desires to go. Because she does not own a car or have a driver's license, she depends on friends and relatives to transport her. The state charges an eight-dollar fee for a placard that is good for six years. It does not charge any fee to issue a special license plate for disabled persons. Both the placards and the license plates allow the user to park in specially designated spaces and make it easier for the state to enforce statutes prohibiting nondisabled people from using these spaces.

### B.  Procedural background

Angel filed her complaint against the Commonwealth of Kentucky, the Kentucky Transportation Cabinet, James C. Codell, III, Secretary of the Transportation Cabinet, the Division of Vehicle Registration, and Ed Logsdon, Commissioner of Vehicle Registration. The state filed an answer and a motion to dismiss, raising three arguments: (1) that the challenged fee was in fact a tax, thus depriving the district court of jurisdiction under the TIA, (2) that the Eleventh Amendment barred jurisdiction over all claims against the state and all official-capacity claims seeking money damages, and (3) that Angel had failed to name the county clerk who issued the placard, with the clerk being a necessary and proper party in order to obtain any prospective injunctive relief.

In response to the motion to dismiss, Angel argued that discovery was needed in order to determine whether the disputed assessment was actually a tax or only a fee for the purposes of the TIA. The parties agreed that discovery should be stayed until the jurisdictional issues could be decided. At

this point, the case was held in abeyance pending this court's decision in *Hedgepeth v. Tennessee*, 215 F.3d 608 (6th Cir. 2000) (holding that Tennessee's assessment for parking placards was a tax rather than a fee, and thus subject to the TIA). The district court, after *Hedgepeth* was decided, ordered Angel to show cause why the motion to dismiss should not be granted.

After considering Angel's response, the district court granted the state's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court, citing *Hedgepeth,* determined that it lacked jurisdiction under the TIA because the placard assessment was a tax. It thus declined to reach the Eleventh Amendment issue. This timely appeal followed.

## II.  ANALYSIS

### A.  Subject matter jurisdiction

Subject matter jurisdiction is disputed by the parties. According to Angel, the district court had jurisdiction over this case pursuant to 28 U.S.C. § 1331. The state, on the other hand, argues that the district court's jurisdiction was barred by the TIA, 28 U.S.C. § 1341, and by the Eleventh Amendment. We have jurisdiction to review the final decision of the district court pursuant to 28 U.S.C. § 1291.

### B.  Standard of review

A district court's decision to grant a motion to dismiss is reviewed de novo. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "When the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction." *Hedgepeth*, 215 F.3d at 611.

### C.  The Eleventh Amendment bars jurisdiction in this matter

Although we have grave doubts concerning the correctness of the district court's conclusion that the assessment for parking placards is a tax rather than a fee, we are free to affirm the judgment on any basis supported by the record. This is especially so where the underlying facts are undisputed. *See Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 629 (6th Cir. 2002) (pointing out that "[b]ecause this court's de novo review involves only application of legal propositions to the undisputed facts in the record, we may affirm on any grounds supported by the record even if different from the reasons of the district court").

The state has consistently contended that the Eleventh Amendment provides a jurisdictional bar to Angel's suit. It bases this argument on two points. First, it argues that this court's decision in *Popovich v. Cuyahoga County Court of Common Pleas*, 276 F.3d 808, 811 (6th Cir. 2002) (holding that Congress did not properly abrogate Eleventh Amendment immunity in equal protection claims brought under Title II of the ADA, but did properly do so in due process claims brought under that provision), bars Angel's equal protection-type claim under Title II of the ADA. *Popovich* was decided after the district court's dismissal of this case. Second, the state argues that Angel did not sue the appropriate official in order to obtain prospective injunctive relief.

Because the district court dismissed the complaint on the basis of the TIA, there is no Eleventh Amendment analysis in the district court's opinion. Angel has therefore had no opportunity to address this issue in her brief. A fair reading of the complaint, however, establishes that no due process argument is alleged. That being true, there is no way that Angel's action against the state can be successful in light of *Popovich*. We must therefore address the jurisdictional question that clearly exists, even though it was not addressed