**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0418n.06

**No. 10-5189**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jun 27, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| CHERYL STINE, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF KENTUCKY |
| STATE FARM FIRE & CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: SUHRHEINRICH, MOORE, and COOK, Circuit Judges.

COOK, Circuit Judge. In June 2006, a fire of disputed origin destroyed Cheryl Stine's rural residence. When Stine's insurer, State Farm Fire & Casualty Company, refused to pay her claim, she sued for breach of contract and bad faith in the handling of her claim. The district court granted State Farm summary judgment on Stine's two bad-faith claims and denied her motion for reconsideration. We affirm.

To establish a bad-faith claim under Kentucky law, a plaintiff must prove three elements: (1) the policy bound the insurer to pay the insurance claim; (2) the insurer lacked a reasonable basis in law or fact for denying the claim; and (3) either the insurer knew that no reasonable basis existed for denying the claim, or it acted with reckless disregard for whether such a basis existed. *Wittmer*

*v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). The parties' appellate briefs jostle primarily over the proper interpretation of Kentucky law on the second element, the one on which the district court granted State Farm summary judgment. In affirming, we focus instead on Stine's failure to come forward with evidence to support the third element. *See Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002) ("[W]e are free to affirm . . . on any basis supported by the record.").

For this third element, the critical component of Stine's summary-judgment showing is the affidavit of her expert, Richard Holbrook. When State Farm moved for summary judgment, it argued that Stine could not present evidence of reckless disregard or evil motive. Stine countered with Holbrook's affidavit, and nothing else. Holbrook attested that he "reviewed documents in this case . . . [,] including pleadings, production responses, State Farm's agency/underwriting file, policy, claim file, Stine's examination under oath, [the] Dixon Fire Department report, [and] depositions." And he opined—in one sentence—on State Farm's knowledge and intent: "State Farm knew early on that it had no evidence that Stine caused this fire loss, concealed that fact [from] her[,] and proceeded with an oppressive, malicious[,] and reckless campaign to find a way to deny her benefits that she was legally entitled to collect." That is all he offered.

Holbrook's conclusory affidavit bypasses the specific-facts requirement of Federal Rule of Civil Procedure 56 necessary to forestalling summary judgment. Rule 56 commands that "[a]n affidavit . . . used to support or oppose a motion" for summary judgment "set out facts that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4). And this obligation binds all summary-

judgment affiants, including experts: "When . . . an expert's affidavit is submitted in opposition to

a motion for summary judgment, the affidavit must set forth specific facts from the record to support

its conclusions." *Daniels v. Am. Honda Motor Co.*, No. 91-6491, 1992 WL 361271, at *4 (6th Cir.

Dec. 7, 1992) (per curiam). Holbrook's affidavit, devoid of such detail, fails to satisfy Rule 56 and

thus sets up no genuine issue of material fact for trial.

We are not alone in holding expert affidavits to the same specificity standard as lay-witness

affidavits. "Most courts hold that . . . expert summary judgment affidavits or declarations must state

specific facts on which the expert's opinion is based." 11 James Wm. Moore, Moore's Federal

Practice § 56.94[4][c], at 56-229–30 & n.37 (Daniel R. Coquillette et al. eds., 3d ed. 2011)

(collecting published decisions from the First, Fourth, Fifth, Seventh, Ninth, Eleventh, and Federal

Circuits). For example, in *Mid-State Fertilizer Co. v. Exchange National Bank of Chicago*, the

plaintiff's expert attested that he "reviewed various pleadings, depositions and documents, which

include[d] documents and records provided by the [defendant] during discovery," and concluded that

the defendant's loan practices violated the duties of good faith and fair dealing. 877 F.2d 1333,

1338–39 (7th Cir. 1989) (internal quotation marks and citation omitted). The Seventh Circuit

rejected this affidavit as an acceptable means of opposing summary judgment:

> [The expert] presented nothing but conclusions—no facts, no hint of an inferential
> process, no discussion of hypotheses considered and rejected. . . . An expert who
> supplies nothing but a bottom line supplies nothing of value to the judicial process.
> See *Richardson v. Richardson-Merrell, Inc.*, 857 F.2d 823, 829–32 (D.C. Cir. 1988),
> holding that an expert's declaration, full of assertion but empty of facts and reasons,
> won't get a case past a motion for summary judgment, for the judge must "look

behind [the expert's] ultimate conclusion . . . and analyze the adequacy of its foundation." *Id.* at 829.

*Id.* at 1339 (third and fourth alterations in original). Like the affidavit in *Mid-State Fertilizer*, Holbrook's affidavit merely—and inadequately—checks off documents and furnishes a "bottom line."

Stine advances one additional argument: that the district court should have allowed more discovery before granting summary judgment. She forfeited this argument, however, by raising it for the first time in her reply brief. *See Miller v. Admin. Office of the Courts*, 448 F.3d 887, 893 (6th Cir. 2006) ("This court has held that issues are waived when not raised in the appellant's opening brief." (internal quotation marks and citation omitted)).

Because Stine offered no evidence of State Farm's knowledge or intent—other than Holbrook's insufficient affidavit—she failed to meet her summary-judgment burden on the third element of her bad-faith claims.

For these reasons, we affirm the district court's judgment.

No. 10-5189
*Stine v. State Farm Fire & Cas. Co.*

**KAREN NELSON MOORE, Circuit Judge, concurring in the judgment.** I concur in the judgment but write separately to explain the grounds on which I would uphold the district court's grant of summary judgment to State Farm. Rather than rely on an issue that the district court did not address and the parties did not brief on appeal, I would instead affirm on the grounds that Stine failed to come forward with evidence of the *second* element of the bad-faith claim, rather than the third. The undisputed facts in this case made coverage fairly debatable and gave State Farm a reasonable basis to deny Stine's claim. Stine offered no evidence of how State Farm otherwise failed to "debate the matter fairly." *Farmland Mut. Ins. Co. v. Johnson*, 36 S.W.3d 368, 375 (Ky. 2000). I therefore agree that State Farm was entitled to summary judgment.