**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0511n.06

**No. 11-2323**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*May 22, 2013*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| DOUGLAS WISEMAN, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR THE |
| | ) EASTERN DISTRICT OF MICHIGAN |
| AWREYS BAKERIES, LLC, | ) |
| | ) |
| Defendant-Appellee. | ) |

Before: MOORE and COOK, Circuit Judges; BERTELSMAN, District Judge.[*]

COOK, Circuit Judge.  Douglas Wiseman sued his former employer, Awrey Bakeries, LLC,

for firing him in violation of the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601,

*et seq.* The district court granted summary judgment to Awrey, finding that Wiseman failed to follow

the FMLA's procedural requirements.  For the following reasons, we VACATE and REMAND.

I.

On Monday June 18, 2007, returning to work at Awrey's Livonia, Michigan plant after back-

injury-related time off, Wiseman again hurt his back.  Wiseman told Awrey's Director of Human

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District
of Kentucky, sitting by designation.

Resources, Loraine Whitfield, about the reinjury, and asked to visit the health clinic and file an accident report. Whitfield denied both requests, contacted Awrey's worker's compensation carrier, and instructed Wiseman to finish the day performing light duty work. He did.

The parties dispute what took place when Wiseman reported to work the next morning, Tuesday June 19. According to Wiseman, Whitfield ordered him back to work because, when she spoke to the worker's compensation carrier, she failed to relay that Wiseman had suffered a new back injury. When Whitfield rejected a second request to attend the clinic and file an accident report, Wiseman contacted a union representative, who agreed he should attend the clinic. Whitfield then accompanied Wiseman to the first aid station to complete an injury report, in which he complained of a "strain" in his "lower back." Wiseman maintains that Whitfield also told him to visit the company health clinic after work, but when Wiseman explained that he "couldn't work" and "was injured," Whitfield allowed him to go home, telling him that he would remain unassigned and on call, and would receive a work schedule the following week.

Whitfield tells a different story, claiming that after Wiseman completed his injury report, she allowed him to visit the clinic. He left work mid day, but never visited the clinic or told Whitfield that he needed to see his own doctor. Wiseman remained scheduled to work the entire week, but failed to report or document his absences.

Returning to the undisputed facts, Wiseman left work but did not go to the company clinic. The very next day, he went to his doctor, who provided him with a note confirming that he should

be off work but lacking any designation as to the nature of his back injury. Though Wiseman phoned a co-worker on each of the next four business days (Wednesday June 20–Monday June 27) to ask if he had been scheduled to work, he never called Whitfield to explain his absences.

On Friday June 22, four days after his injury, Whitfield learned that Wiseman had not been coming to work after he left a voice mail message with Awrey's Benefits and Human Resources Manager, Janet Lewis. Whitfield instructed Lewis both to call Wiseman and to send him a letter by certified mail explaining that these no-call, no-show absences violated his union's collective bargaining agreement. Lewis left messages on Wiseman's home and cell phones notifying him that Awrey considered him "a No Call No Show for three consecutive days." (R. 52-13, June 22, 2007 Letter.) The letter ("June 22 letter") also warned that because he "provided [no] reason for [his] absences or communicated in any way [with] the Company," he would lose his seniority unless he provided satisfactory reasons for his absences by Monday June 25, 2007. (*Id.*)

Wiseman did call Whitfield on Monday, June 25th, explaining that he visited his doctor and received documentation. The following day, Whitfield sent him a letter warning him that he needed to supply "satisfactory" documentation explaining his absences by Friday June 29 because his prior voicemail message "provided no explanation for [his] absences" and during their June 25th conversation he had provided no "medical reasons" for his absences nor provided doctor-visit details. (R. 52-14, June 26, 2007 Letter.)

Wiseman missed work the 25th and every other day that week, despite Whitfield calling and

leaving daily messages on June 26–28th requesting he report to work as scheduled. On the deadline date, Friday the 29th, Wiseman delivered Whitfield the doctor's note prepared after his June 20th visit. Whitfield responded with a letter ("June 29 letter"), advising Wiseman that the doctor's note "does not satisfactorily explain the reason for [his] absence last week," and requesting "a more detailed explanation from your physician."

Nearly four weeks later, on July 23, Wiseman faxed Whitfield a doctor's note dated July 6, that cleared Wiseman to return to work on July 17, 2007. The day after the fax, Awrey terminated Wiseman.

## II.

We review a district court's order granting summary judgment de novo, *Kalich v. AT&T Mobility, LLC*, 679 F.3d 464, 469 (6th Cir. 2012), affirming the judgment on any basis supported by the record, *Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002). Preserving FMLA leave entails a series of back-and-forth exchanges between employee and employer. First, to "invoke the protection of the FMLA, an employee must provide notice and a qualifying reason for requesting the leave." *Walton v. Ford Motor Co.*, 424 F.3d 481, 486 (6th Cir. 2005) (quoting *Brohm v. JH Props., Inc.*, 149 F.3d 517, 523 (6th Cir. 1998)). When an unforeseen need for FMLA-leave arises, "[i]t is expected that an employee will give notice to the employer *within no more than one or two working days* of learning of the need for leave." 29 C.F.R. § 825.303(a) (2007) (emphasis added). The employee need not expressly assert his FMLA rights, 29 C.F.R. § 825.303(b) (2007), but "must give

the employer enough information for the employer to reasonably conclude that an event described

in [the FMLA] has occurred," *Walton*, 424 F.3d at 486 (internal quotation marks omitted). Once the

employee provides this information, the employer may confirm the employee's notice through such

"informal means," 29 C.F.R. § 825.303(b) (2007), as requesting a "medical certification" from the

employee's health care provider that establishes the need for leave, *see id.* § 825.305(a). "The

employee . . . will be expected to provide more information when it can readily be accomplished as

a practical matter, taking into consideration the exigencies of the situation." *Id.* § 825.303(b). If the

"employee fails to explain the reasons, leave may be denied." *Id.* § 825.208(a)(1) (2007).

Although the district court found that Wiseman "ha[d] not made a particularly strong

showing" as to notice (R. 62, Rpt. & Rec. at 8 n.2), the magistrate judge assumed—out of an

"abundance of fairness"—that Wiseman's "communication with various Awrey supervisors placed

[Awrey] on notice that he was applying for an FMLA leave." (*Id.* at 7.) The magistrate then

construed the June 22 and 29 letters as requests for medical certification and recommended granting

summary judgment to Awrey because Wiseman failed to provide timely certification. The district

court adopted the magistrate judge's recommendation and granted summary judgment to Awrey.

Yet because Awrey conceded in its briefing and at oral argument that it did not request a

medical certification, we cannot affirm on the ground the district court endorsed. Awrey's brief

reads: Awrey "could not classify [Wiseman's] absences as FMLA-qualifying or request a

certification from his health care provider" because it lacked "sufficient detailed information

suggesting he had a serious health condition." (Appellee Br. at 37–38.) And at oral argument, Awrey's counsel stated that it was "still trying to get sufficient information to determine whether [Wiseman] actually would be eligible and entitled [to] FMLA leave" (Oral Arg. at 19:31–19:41) and "concede[d] that [he had] not seen anything in the record where [Awrey] requested a medical certification," (*id.* at 20:40–20:47). Our review of the record confirms this position. The correspondence from Awrey fails to mention "FMLA" or the term "medical certification," and the June 22 and 29 letters also set deadlines for Wiseman to provide medical details inside the fifteen-day medical-certification window required by the FMLA. The district court therefore improperly disposed of Wiseman's case for failing to timely respond to medical-certification requests. *See Branham v. Gannett Satellite Info. Network, Inc.*, 619 F.3d 563, 573–74 (6th Cir. 2010).

In the absence, then, of the untimely-certification grounds to decide the claim, we return to the issue of whether Wiseman gave FMLA-qualifying notice. He maintains he did because he told Whitfield on Tuesday June 19th he "was injured" and "could not work" due to his back injury. He further points to the injury report he completed at work, the employer's knowledge of his susceptibility to serious back pain and injury, the multiple doctor's notes, and his multiple requests to see Awrey's doctor. Whitfield, on the other hand, disputes this recollection of events, arguing that his communications never suggested he needed FMLA leave. (*See* R. 62, Rpt. & Rec. at 7.) Viewing the notice evidence in the light most favorable to Wiseman, a genuine issue of material fact remains as to whether he provided FMLA-qualifying notice "within no more than one or two

working days" of learning that he needed FMLA leave.[1]  *See* 29 C.F.R. § 825.303(a) (2007).

Furthermore, a genuine issue of material fact remains regarding the seriousness of Wiseman's health condition.  *See Stimpson v. United Parcel Serv.*, 351 F. App'x 42, 47–48 (6th Cir. 2009) (citing *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir. 2003)).  He argues that he suffered from a qualifying incapacitation and underwent continuing treatment for his back injury. Awrey contests this, arguing that Wiseman suffered no serious incapacity and remained capable of performing life's daily activities throughout his time away.  Because the district court never had occasion to decide this issue, we also remand for the district court's consideration the issue whether Wiseman suffered a serious health condition.  *See* 29 U.S.C. § 2611(11); *Plant v. Morton Int'l Inc.*, 212 F.3d 929, 936 (6th Cir. 2000).

Finally, a genuine issue of material fact remains surrounding Wiseman's absences between July 17, 2007 and July 23, 2007.  On July 23, Wiseman faxed Whitfield a doctor's note, dated July 6, 2007, which stated that he could return to work on July 17.  Awrey points to this unexcused, six-day absence as an alternative ground for summary judgment.  Wiseman, however, testified that he received the letter around July 22 and then sent the letter to Whitfield as soon as it was provided to him.  Viewing this exchange in the light most favorable to Wiseman, we cannot dispense with his claim on this ground.

---

[1]On remand, the district court should apply the 2007 version of applicable regulations. *See Coffman v. Ford Motor Co.*, 447 F. App'x 691, 694 n.3 (6th Cir. 2011) (applying the "regulations that were in place at the time" of employee's termination).

III.

We VACATE and REMAND.